**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN BRAUNSTEIN, | Case No. 2:17-cv-00416-RFB-CWH |
| Plaintiff, | |
| v. | |
| KATHY HARDCASTLE, et al, | **ORDER** |
| Defendant. | |

Presently before the Court is pro se Plaintiff Steven Braunstein's application for leave to proceed *in forma pauperis* (ECF No. 1), filed on February 8, 2017, along with his complaint (ECF No. 1-1). Also before the court is Plaintiff's motion for appointment of counsel (ECF No. 2), also filed on February 8, 2017. Plaintiff is presently incarcerated at High Desert State Prison, in Indian Springs, Nevada.

**I.      Plaintiff's Application to Proceed *In Forma Pauperis***

Generally, the Court must consider an application to proceed *in forma pauperis*, and then, if the applicant has demonstrated an inability to prepay the filing fee, the Court will grant the application and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

However, 28 U.S.C. § 1915(g) requires that "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed in forma pauperis and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A Court must examine the record of previous claims and "after reviewing the orders dismissing those actions and other relevant information[,]" determine whether dismissal was due to a finding that the claims were frivolous, malicious, or failed to state a claim. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Upon such a finding, the Court may deny permission to proceed *in forma pauperis*. *Id.*

1

Here, on at least three occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted. *See Braunstein v. Sandoval et al.*, 3:12-cv-00235-LRH-WGC; *Braunstein v. Villani et al.*, 3:12-cv-00665-MMD-VPC; and *Braunstein v. Clark County et al.*, 3:02-cv-00163-DWH-RAM (all dismissed for failure to state a claim). In fact, the Court has already determined that Plaintiff is barred from proceeding *in forma pauperis* in civil actions while incarcerated, based on 28 U.S.C. § 1915(g). *See Braunstein v. Feil, et al.,* 2:16-cv-02062-APG-GWF. The Court takes judicial notice of its prior decisions in the above matters.

Plaintiff's instant case is a claim brought under 42 U.S.C. § 1983 for alleged deprivation of civil rights stemming from his conviction in a Nevada state court in January of 2000. Plaintiff does not allege or provide any evidence to suggest that he was in imminent danger of serious physical injury at the time he submitted his complaint. As such, Plaintiff must pre-pay the $400 filing fee in full before this action may commence. See *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies only if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing).

**II.     Plaintiff's Motion for Appointment of Counsel**

Plaintiff requests appointment of counsel to assist in litigation of his current case. However, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

To determine whether the "exceptional circumstances" necessary for appointment of counsel

are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, the Court does not find any exceptional circumstances. Plaintiff makes a civil rights complaint under 42 U.S.C. § 1983. However, upon review of Plaintiff's complaint and supporting documents, Plaintiff's case is unlikely to succeed on the merits, as it appears to be a successive attempt to bring a claim regarding his conviction in a Nevada state court in January, 2000 (*See e.g., Braunstein v. Sandoval et al.*, 3:12-cv-00235-LRH-WGC; *Braunstein v. Villani et al.*, 3:12-cv-00665-MMD-VPC). Moreover, Plaintiff's claims, that employees of the state of Nevada violated his civil rights by carrying out his trial and subsequent conviction, are not inherently complex. Plaintiff has repeatedly litigated this and other similar claims, and has been able to articulate his argument with reasonable clarity.

Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn*, 789 F.2d at 1331). However, when a pro se litigant is able to "articulate his claims against the relative complexity of the matter," but unable to show a likelihood of success on the merits, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* The Court will therefore deny the motion for counsel.

//
//
//
//
//
//
//
//
//

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that within thirty days from the date of this order, Plaintiff must pay the full $400 fee for a civil action (which includes the $350 filing fee and the $50 administrative fee). Plaintiff is advised that failure to comply with this order will result in a recommendation that his case be dismissed.

DATED: August 1, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge