UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN BRAUNSTEIN,<br><br>          Plaintiff,<br>v.<br><br>KATHY HARDCASTLE, *et al.*,<br><br>          Defendants. | Case No. 2:17-cv-00416-RFB-CWH<br><br>**ORDER DISMISSING ACTION** |

In this case, Plaintiff filed an Application for Leave to Proceed *in forma pauperis*, with an attached Complaint. (ECF No. 1). On August 1, 2017, Magistrate Judge Carl W. Hoffman entered an order denying the Application and ordering Plaintiff to file the full $400 fee within thirty days, and advising Plaintiff that "failure to comply with this order will result in a recommendation that [Plaintiff's] case be dismissed." (ECF No. 5).

Pursuant to LR 41-1, the Court has the authority to *sua sponte* dismiss this case for want of prosecution, after 270 days have passed and notice is provided. However, prior to dismissal of an action, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

1

The Court finds each of the <u>Ghazali</u> factors are met. Both the public interest and the Court's interest weigh in favor of dismissal, as the case has pending since August 1, 2017 with no action by Plaintiff. Further, the Court also has the inherent power to dismiss a case for want of prosecution. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). The Court also finds that the risk of prejudice to defendants weighs in favor of dismissing the case. Defendants presumptively face injury when litigation is unreasonably delayed. <u>Henderson</u>, 779 F.2d at 1423 (citation omitted). By failing to pay the filing fee as ordered by the Magistrate Judge, Plaintiff cannot be found to have acted reasonably. Although there is a public policy in favor of disposing of cases on their merits, that factor cannot be given great weight where, as here, a plaintiff fails to complete a required step for a case to proceed. With regard to the final factor, Plaintiff was provided the opportunity to pay the filing fee after his Application for Leave to Proceed *in forma pauperis* was denied. The Magistrate Judge's order clearly stated that dismissal would be recommended if Plaintiff failed to pay the filing fee. Plaintiff therefore received sufficient notice that his case would be dismissed if he failed to take the specified action.

Finally, the Court incorporates by reference the findings of the Magistrate Judge's order of August 1, 2017 which included the finding that the payment of the full filing fee was required because Plaintiff had been involved with three previous cases which had been dismissed as frivolous or without merit. These findings further support the dismissal of this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's case is dismissed without prejudice. The Clerk of the Court is instructed to close this case.

DATED this <u>27th</u> day of April, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**